# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

YUSEF STEELE,

    Plaintiff,

v.

NEW BRUNSWICK POLICE OFFICERS, et al.,

    Defendants.

Civil Action No. 16-8469 (MAS) (LHG)

**MEMORANDUM AND ORDER**

Plaintiff Yusef Steele, a prisoner currently confined at the Middlesex County Adult Correction Center in New Brunswick, New Jersey, seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Court denied his initial IFP application, on the account that it did not comply with the statutory requirement to include a six-month prison account statement. (Order 2, Nov. 15, 2016, ECF No. 2.) The Court allowed him 30 days to cure the defect. (*Id.* at 3.) Now, more than *a year* later, Plaintiff files the instant amended IFP application, and seeks to reopen the case. (ECF No. 4.)

The Court denies the amended IFP application. The Court administratively terminated the matter in its previous denial, to ensure that Plaintiff benefits from his initial filing date. Instead of timely filing an amended application, he waited a year to do so. Under these circumstances, the Court cannot allow Plaintiff to benefit from his initial filing date; defendants would be unduly

prejudiced by having this case languishing for an entire year, without knowledge of its existence, simply because Plaintiff could not complete an IFP application.[1]

Moreover, the amended IFP application is again deficient. Instead of submitting an account statement covering the six-month period immediately preceding the filing of the Complaint as required by law, see 28 U.S.C. § 1915(a)(2), Plaintiff submits an account statement covering the period between March 3, 2017 and November 9, 2017, while the Complaint was filed on November 14, 2016. To the extent Plaintiff argues that it would be impossible to obtain an account statement for a period of time more than a year ago, that is a problem of Plaintiff's own creation; had he timely complied with the Court's previous order, this problem would not exist. Furthermore, prisoners routinely comply with the statutory requirement in the Court's other cases, even when older account statements are required. As such, the Court denies the instant IFP application, and dismisses the case without prejudice. If Plaintiff's claims are still timely under the applicable statute of limitations, he has the option of filing a new complaint.

IT IS therefore on this 5th day of December, 2017,

**ORDERED** that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED";

**ORDERED** that Plaintiff's request to proceed *in forma pauperis* (ECF No. 4) is hereby **DENIED**;

**ORDERED** that the Complaint is hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

---

[1] The Court also notes that Plaintiff's address apparently changed in the meantime, as he was moved from East Jersey State Prison to his present location, the Middlesex County Adult Correction Center. He did not comply with Local Rule 10.1 and inform the Court of his address change.

**ORDERED** that the Clerk shall serve this Order upon Plaintiff, and shall **CLOSE** the file.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE